## Harvey *v.* Clinton Township Supervisors.

*Road law—State highways—Petition of taxpayers—Withdrawal of names—Act of May 31, 1911, P. L. 468.*

Where a rule to show cause on a petition of taxpayers under the State Highway Act of May 31, 1911, P. L. 468, has been discharged because the petition lacked a majority of the owners of the assessed

164, (1918).]   Syllabus—Opinion of Court below.

valuation of the real estate in the township, and five months thereafter the same petition is again presented to the court, with other names substituted in it and additional names, original signers who had no notice of such changes and had not ratified them, may withdraw their names, and if after such withdrawals, there is a lack of signatures, a rule to show cause on the supplemental petition, will be discharged.

Argued April 17, 1918.   Appeal, No. 69, April T., 1918, by George Harvey et al., from order of Q. S. Butler Co., June T., 1915, No. 19, discharging rule to show cause in case of George H. Harvey, a taxpayer of Clinton Township v. Clinton Township Supervisors.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Rule to show cause on taxpayer's petition under Act of May 31, 1911, P. L. 468.

REIBER, P. J., filed the following opinion :

This matter heard on rule granted on supervisors of Clinton Township on supplemental petition of citizens of said township for improvement of a highway, under State Aid Highways Act.

The first question for our determination is disposing of the petition of some eighteen signers to the original petition for withdrawal of their names from the petition.

If this proceeding was on the original petition there would be no question as to the duty of the court to refuse the petition, as the signatures of the parties gave a legal status to the petition, and it would be too late to withdraw after such right had attached.

The original petition, however, was presented to court May 24, 1915, and after due hearing the rule issued thereon was discharged July 24, 1915.  After the expiration of five months petitioner secured the signatures of additional owners of real estate in said township to the original petition, substituting other names in certain cases, and presented his supplemental petition to court, upon which this rule is granted.  This proceeding, therefore,

for all purposes must be considered and treated as de novo.

Inasmuch as a considerable length of time has intervened, the withdrawal petitioners in no way ratified or consented to this supplemental petition, but promptly repudiated it by their petition for withdrawal from such proceeding, we are of the opinion that it is our duty to grant the prayer of withdrawal petitioners. Such being the case, the petition lacks the signatures of owners of the majority of the assessed value of real estate in said township.

And now, February 14, 1917, the rule is discharged at cost of petitioner.

*Error assigned* was the order of the court.

*A. E. Anderson,* with him *Levi M. Wise,* for appellants. —It was error to permit the signers to withdraw their signatures: Quakertown Borough, 3 Grant 203; Newton v. Emporium Boro., 225 Pa. 17; Lower Saucon Township Road, 19 Dist. Rep. 368; Flemington Boro., 168 Pa. 628; Old Forge Borough Incorporation, 12 Pa. Superior Ct. 359.

*W. D. Brandon,* of *Brandon & Brandon,* with him *John H. Wilson,* for appellees, cited: State Aid Highway Exeter Twp., 22 Pa. Dist. Rep. 973.

PER CURIAM, July 10, 1918:

The record presented in this case fully sustains the finding of fact as determined by the court below, that the petition of the citizens of Clinton Township lacked a majority of the owners of the assessed valuation of the real estate in said township, and is conclusive of the question involved.

For the reasons given, the order is affirmed.